(March 16, 2017)

■ In the Matter of MARIA L. GONZALEZ, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [48 NYS3d 582]—

Determination of respondent, dated May 29, 2013, which denied petitioner succession rights as a remaining family member to the tenancy of her late grandmother, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered September 5, 2014), dismissed, without costs.

Substantial evidence supports the determination that petitioner is not entitled to succession rights as a remaining family member (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]). In February 2009, petitioner's grandmother requested permission for petitioner to permanently reside in the apartment. Petitioner's grandmother passed away one month later. Even if the request had been immediately granted, petitioner would still not have met the requirement that she continuously reside in the apartment, with respondent's written consent, for at least one year prior to the tenant of record's death, to entitle her to succession rights (*see Matter of Ortiz v Rhea*, 127 AD3d 665 [1st Dept 2015]; *Matter of Saad v New York City Hous. Auth.*, 105 AD3d 672 [1st Dept 2013]). The mitigating circumstances cited by petitioner do not provide a basis for annulling respondent's determination (*see Matter of Featherstone v Franco*, 95 NY2d

550, 554-555 [2000]; *Matter of Firpi v New York City Hous. Auth.*, 107 AD3d 523, 524 [1st Dept 2013]). Nor may estoppel be invoked against a governmental agency, such as respondent (*id.* at 524).

We have considered petitioner's remaining arguments, including that she is entitled to a new hearing, and find them unavailing. Concur—Renwick, J.P., Richter, Mazzarelli, Manzanet-Daniels and Feinman, JJ.